IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOEL A. LINDER,

        Plaintiff,

vs.                               Case No. 09-1210-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 26). The motion has been fully briefed by the parties.

**I. General legal standards**

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in

bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

**II. Reasonableness of EAJA request**

Defendant does not object to the award of EAJA fees in this case, and does not object to the hourly rate requested by plaintiff. However, defendant does assert that billing for 68.55 hours is excessive.

As this court has indicated in the past, the typical EAJA fee application in social security cases is between 30 and 40 hours. Thus, courts in this district have not hesitated to disallow hours over 40 as unreasonable in routine EAJA social security cases. Williams v. Astrue, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug. 28, 2007). However, this court has permitted an award of 76.75 hours upon finding that the amount of time documented was reasonably necessary to accomplish the tasks

2

listed.  Masenthin v. Barnhart, 2005 WL 1863146 at *3-4 (D. Kan. July 21, 2005).  Courts in this district have recently approved 61.86 hours of attorney time, noting a record of more than 1,000 pages, Sommerville v. Astrue, 555 F. Supp.2d 1251, 1254 (D. Kan. 2008), and have found that 53.75 hours was reasonably expended (a reduction from a request of 65.75 hours), Farmer v. Astrue, 2010 WL 4904801 at *1-3 (D. Kan. 2010).  Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).

   The record in this case was rather long, a total of 817 pages, including 578 pages of medical records.  The medical records were a critical component of the outcome of this case, in which the decision of the ALJ was reversed and the case remanded for an award of benefits, based in large part on medical opinion evidence.  Plaintiff addressed a number of valid issues in his brief, including a determination of whether plaintiff's impairments met or equaled listed impairment 12.04, which required a comparison of a number of medical records.  Plaintiff also addressed the ALJ's credibility findings, and the weight accorded to the treating physician opinions.

   Plaintiff included a total of 42.90 hours in researching and writing the initial 37 page brief.  The brief is somewhat lengthy, but given the nature of the issues raised, the court

3

finds that no more than 40 hours was needed for the research and writing of plaintiff's initial brief.

Plaintiff indicated that a total of 23.55 hours was spent researching and writing the reply brief. However, much in the reply brief simply reiterated or duplicated what had already been stated in plaintiff's initial brief and what had been argued in defendant's brief. The court finds that no more than 8 hours was needed for the research and writing of the reply brief.

Plaintiff also indicated that an additional 5.25 hours was spent reading the defendant's response to the motion for EAJA fees and preparing a reply brief. The court finds that no more than 4 hours should be allowed for plaintiff's preparation of his reply to defendant's objection to the fee application. Application for a fee award should not result in a second major litigation. Hensley, 461 U.S. at 437.

Plaintiff indicated that a total of 2.10 hours was spent filing the complaint and related documents, reading the decision of the court and conference with the client, and filing the EAJA application and related documents. Defendant does not object to these requests and the court finds them to be reasonable.

The court therefore finds that 54.10 hours was reasonably expended in presenting this case before the court. Therefore, a reasonable attorney's fee pursuant to the EAJA is $9,186.18. (54.10 x 169.80).

Plaintiff also seeks reimbursement of the filing fee of $350.00. Defendant does not object to this request, and the court finds that good cause has been shown to grant plaintiff's request that the cost of the filing fee be reimbursed to the plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (Doc. 26) is granted in part, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $9,186.18.

IT IS FURTHER ORDERED that plaintiff's motion for reimbursement of the expense of the filing fee of $350.00 is granted. The Commissioner is ordered to pay plaintiff $350.00 for the costs of this action.

Dated this 21st day of June, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge